**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11cv143-MU[1]-02**
**(3:09cr39-5-W)**

| | |
|---|---|
| **MICHAEL GREENE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent,** | ) |
| | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence, filed March 24, 2011 (Doc. No. 1).

## I.   PROCEDURAL BACKGROUND

On February 16, 2010, a jury convicted Petitioner of conspiring to possess with intent to distribute and to distribute less than 500 grams of cocaine powder and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and (B) (Count One); and it convicted him of conspiring to obstruct, delay, and affect commerce by committing a robbery of another person in violation of 18 U.S.C. § 1951 (Count Twenty Six).  (Criminal Case No. 3:09cr39-5, Doc. No. 343).  On March 7, 2011, the Court held Petitioner's sentencing hearing, at the conclusion of which it sentenced him to life imprisonment on Count One and to a concurrent term of 240 months' imprisonment on Count Twenty-Six.   (Id., Doc. No. 561).  On March 22, 2011, Petitioner timely filed his Notice of Appeal to the Fourth Circuit Court of Appeals.  (Id., Doc. No. 59).  Two days later on March 24, 2011, Petitioner filed the instant Motion to Vacate.

---

[1]  Petitioner's criminal case was presided over by the Honorable Frank D. Whitney, United States District Judge, but recently was reassigned to the undersigned Judge.

(Doc. No. 1).

By his Motion to Vacate, Petitioner seeks to challenge his attorney's effectiveness as well as the validity of the Bill of Indictment and the corresponding grand jury proceedings. (Doc. No. 1 at 5-10). However, the Court has reviewed the record of this matter and discovered that Petitioner's criminal appeal still is pending with the Fourth Circuit Court of Appeals under case number 11-4324.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. Having carefully conducted the foregoing review, the Court finds that Petitioner's motion to vacate should be dismissed as prematurely filed.

## III.     DISCUSSION

Absent extraordinary circumstances, which do not appear here, this Court should not consider Petitioner's § 2255 motion while review of his criminal case is pending on direct appeal. Rendelman v. United States, 2008 WL 2945559 (D. Md. July 28, 2008) (unpublished) (quoting Bowen v. Johnson, 306 U.S. 19 (1939)), appeal dismissed by 308 F. App'x 685 (4th Cir. Jan. 22, 2009) (unpublished); Rules Governing Section 2255 Proceedings, Rule 5 (advisory committee note stating that courts have held that motions to vacate are "inappropriate if the movant is simultaneously appealing the decision."). See also Robinson v. United States, 2007 WL 1468595, at *3 (N.D. W.Va. May 18, 2007) (unpublished) (adopting R& R dismissing § 2255 motion as premature because issues raised therein were not "uniquely separable" from  and

"collateral" to those raised in pending appeal).

As was noted, Petitioner's criminal case is currently pending on appeal.  Petitioner has not alleged any extraordinary circumstances warranting immediate review of his habeas claims. Furthermore, Petitioner's appeal questions the sufficiency of the evidence used to convict him and the effectiveness of his attorney.  (Appeal No. 11-4324, Doc. No. 29).  As such, Petitioner's appeal clearly addresses matters which are both directly and indirectly related to one or more of the claims proposed by his Motion to Vacate.   Therefore, Petitioner's Motion to Vacate should be dismissed, without prejudice, as premature.  See McIver v. United States, 307 F.3d 1327, 1332 n.2  (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because the petitioner may obtain on direct review relief of a nature which renders moot the issues that he also is raising on collateral review); and United States v. Restrepo-Suares, 516 F. Supp.2d 112, 114 (D. D.C. Oct. 15, 2007) (noting that the orderly administration of criminal law precludes considering a motion under §2255 while a direct appeal is pending, absent extraordinary circumstances to warrant the simultaneous consideration) (citing Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)).

**NOW, THEREFORE, IT IS ORDERED** that the instant Motion to Vacate (Doc. No. 1) is **DISMISSED, without prejudice,** as premature.

**SO ORDERED.**

Signed: September 9, 2011

Graham C. Mullen
United States District Judge

3